MOUNTENAY, J.,
— While it appears that this matter could have been decided on the basis of a motion for judgment on the pleadings, the parties agreed that the case should be tried by the undersigned without a jury so as to provide plaintiffs with an opportunity to present certain evidence which plaintiffs deemed material. This opinion follows the completion of the trial without jury, the parties having agreed informally that the matter should not be placed upon the argument list.
Plaintiffs, purchasers of a residence in Chalfont Borough, brought this action in assumpsit seeking reimbursement from their vendors for payment, by plaintiffs, of a municipal claim for sewer construction filed subsequent to the settlement on the real estate. Plans for extensive public sewer construction in Chalfont Borough had already been finalized and construction in some parts of the borough had already started by the time the first negotiations between the parties took place. Although the testimony is somewhat conflicting as to the purchasers’ awareness of these facts, this is immaterial in the view taken by the court.
The agreement of sale entered into by the parties contained the following language:
*612 “The seller shall not be hable for any work done or ordered to be done after the date hereof by any municipal authority or anyone else upon or about the said premises and the buyer shall not be hable for any such work done or ordered to be done prior to this date.”
Shortly after settlement was completed and plaintiff-purchasers moved into the premises, sewer construction was begun on the street abutting the premises. After completion of the entire project, a municipal claim was filed, which claim was paid by plaintiffs. Plaintiffs then instituted this action against their vendors to recoup the amount of the claim thus paid.
Absent an agreement to the contrary, where real estate is “sold” before a municipal claim is filed, the date of completion as set forth in a certificate of completion to be filed by the supervising engineer determines the liability for the payment of the claim as between seller and buyer: Act of May 16, 1923, P. L. 207, as amended, 53 PS §7143. Therefore, apart from the above-quoted provision contained in the agreement of sale, the burden of the cost of the sewer in the instant case would have rested with plaintiff-purchasers, completion of the project having occurred both after the date of the agreement of sale and after the date of the actual settlement. The basic question before us, then, is whether, and if so, how, the terms of the agreement altered the statutory rule.
The critical point in time under the agreement is the time when “the work [was] done or ordered to be done.” Defendants contend that the “or” should be construed as being conjunctive rather than disjunctive. This construction, however, would render the words “ordered to be done” as surplusage and, therefore, meaningless. It is a well-settled principle of construction that no word in a contract is to be treated as surplusage or redundant if any reasonable meaning con *613 sistent with the other parts can be given it: General Mills, Inc. v. Snavely, 203 Pa. Superior Ct. 162 (1964).
On the other hand, a disjunctive interpretation likewise creates problems. The record is not clear as to the precise time when the sewer work in question was “ordered to be done,” but it is quite apparent that if such an “order” had been promulgated, such promulgation would have taken place prior to the time when the work on the project initially began. As stated previously, the project was begun prior to the date of the agreement, and as a matter of fact, prior to the initiation of negotiations between the parties. Therefore, such “order” must have predated the agreement of sale. At the same time, it must be borne in mind that the work adjacent to the premises was done after the date of the agreement of sale and, indeed, after the settlement. Under a disjunctive construction of the word “or,” therefore, neither party would be required to pay; the buyers would be relieved of payment because the work was “ordered to be done” before the date of the agreement of sale, and the sellers would be relieved of payment because the work adjacent to the premises was actually “done” after the date of the agreement of sale. Obviously, such a result must be avoided. An interpretation will not be given to a contract which will produce absurd results: Windber Construction Company, Inc. v. Coleman, 185 Pa. Superior Ct. 649 (1958).
If any effect whatever is to be given to the above-quoted provision of the agreement of sale, the terms “done” and “ordered to be done” must be regarded as referring to different types of situations. Section 7 of the Act of 1923, supra, 53 PS §7141, establishes this distinction and reads, in part, as follows:
“No claim shall be filed for curbing, recurbing, paving, repaving, or repairing the footways of any highway, unless the owner shall have neglected to do said *614 work for such length of time as may be described by ordinance, after notice so to do, . . . except when, in the case of curbing or recurbing or repaving the foot-way, it shall form part of an improvement resulting also in the paving, macadamizing, or otherwise improving the cartway of said highway; ...”
It will thus be seen that improvements for which municipal claims may be filed fall into two categories, viz., (1) those improvements mentioned in section 7 of the Act of 1923 (such as curbing and sidewalks) where the property owner is first notified to do the work himself and where no claim may be filed unless the property owner neglects to comply with such notice; and (2) those improvements not falling within the provisions of section 7 (such as sewer installation and street paving) where the municipality is not required to, and almost never does, permit the individual owner to install the improvement but rather does the work itself. It seems obvious that the term “ordered to be done” as used in the agreement of sale refers to that type of improvement mentioned in section 7 of the Act of 1923 where the property owner is first notified to do the work himself. Similarly, the term “done” refers to that type of improvement not falling within the provisions of section 7 where the municipality is not required to notify the owner to do the work but rather ordinarily installs the improvements itself. Sewer lines, as pointed out above, belong to the latter category.
Both parties agree that the sewer fine in the street adjacent to the premises in question was actually installed after the date of the agreement of sale. Accordingly, the work was “done” after the date of the agreement of sale, and defendant-sellers are relieved of liability therefor by the terms of that agreement.
*615 ORDER
And now, April 16, 1971, judgment is entered in favor of defendants and against plaintiffs, costs to be paid by plaintiffs.